# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DIANA ROSAS,

    Plaintiff

v.

GEICO Casualty Company,

    Defendant

Case No.: 2:18-cv-01200-APG-NJK

**Order Granting Defendant's Motion to Dismiss and Denying Defendant's Motion to Bifurcate and Stay**

[ECF Nos. 6, 7]

    Plaintiff Diana Rosas sued defendant GEICO Casualty Company (GEICO), alleging four causes of action arising out of GEICO's insurance coverage of her injuries resulting from a car accident. GEICO moves to dismiss claims 2, 3, and 4. ECF No. 6. GEICO alternatively moves to bifurcate and stay claims 2 and 3 pending the outcome of Rosas's breach of contract claim. ECF No. 7.

    I grant GEICO's motion to dismiss claims 2, 3, and 4 because Rosas's complaint lacks sufficient facts to state those claims. However, I grant Rosas leave to amend her complaint if she can plead sufficient facts to properly state her claims. I deny GEICO's motion to bifurcate and stay those claims.

## I. BACKGROUND

    Rosas alleges that she was a passenger in a vehicle driven by Kimberly Fox that was rear-ended at a red light. Fox was insured by GEICO. Rosas sustained physical injuries that require continuing medical attention. When GEICO contacted Fox about the collision, Fox informed GEICO that Rosas was in the car and provided GEICO with Rosas's contact information. More

than one year later,[1] GEICO contacted Rosas regarding her coverage under Fox's underinsured motor vehicle policy.[2] One year after that, Rosas submitted her proof of claim to GEICO. After a medical examination, GEICO valuated Rosas's claim at $28,750. Later, GEICO re-valuated the claim at $50,000. ECF No. 1-1 at 2-11.

Rosas alleges that GEICO has not tendered any benefits to Rosas, misrepresented pertinent facts or policy provisions, offered to pay the undisputed portion[3] only if Rosas agreed to diminish her rights to extra-contractual claims, intentionally undervalued the benefits owed to her, and that this conduct has caused and continues to cause additional damages.

Rosas asserts four causes of action: (1) breach of contract, (2) unfair practices in settling claims in violation of Nevada Revised Statutes § 686A.310, (3) bad faith and breach of the covenant of good faith and fair dealing, and (4) declaratory relief. ECF No. 1-1. GEICO moves to dismiss the extra-contractual claims (2, 3, and 4). ECF Nos. 6, 7.

## II. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Ashcroft v.*

---

[1] One of more of the dates included in Rosas's allegations must be incorrect, as they do not line up chronologically, and GEICO notes that some of them are before the date of the accident. ECF No. 6 at 2.

[2] Rosas alleges that she is insured under GEICO's underinsured motor vehicle policy through a contract between Fox and GEICO. ECF No. 1-1 at 3.

[3] Although it is not clear in Rosas's complaint, I believe that the "undisputed portion" of the policy refers to the most recent, $50,000 valuation.

*Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 663. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**A. Unfair Settlement Practices (Claim 2)**

Under Nevada Revised Statutes § 686A.310, an insurer is liable for damages if it engages in any of various enumerated acts. Rosas asserts that GEICO violated several provisions in § 686A.310 but simply recites the language of those provisions without providing sufficient supporting factual allegations. It is not clear that GEICO has unduly delayed payment of benefits to Rosas, particularly considering the length of time Rosas took to submit her proof of claim; it is not clear that GEICO did not conduct a reasonable investigation; Rosas does not explain how GEICO misrepresented pertinent facts or policy provisions; and she did not provide any detail regarding how GEICO undervalued her claim, other than to include the amount of its offer and simply allege that it was intentionally undervalued. Reciting the elements of a cause of action is insufficient to state a claim. I therefore grant GEICO's motion and dismiss Rosas's claim for violations of § 686A.310, without prejudice.

3

**B. Bad Faith and Breach of the Covenant of Good Faith and Fair Dealing (Claim 3)**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe Cty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205); *see also Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007) ("It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair actions by one party that work to the disadvantage of the other."). "The implied covenants of good faith and fair dealing impose a burden that requires each party to a contract to refrain from doing anything to injure the right of the other to receive the benefits of the agreement." *Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1251 (D. Nev. 2016) (quotation omitted).

To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must prove: (1) the existence of a contract between the parties; (2) that the defendant breached its duty of good faith and fair dealing by acting in a manner unfaithful to the purpose of the contract; and (3) the plaintiff's justified expectations under the contract were denied. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (citing *Hilton Hotels Corp. v. Butch Lewis Prod., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991)).

As with her claim for unfair settlement practices, Rosas does little more than recite the elements required to establish bad faith. While the complaint plainly alleges that there is a contract between the parties, it does not provide sufficient facts for me to plausibly infer that GEICO acted in a manner unfaithful to the purpose of that contract or that her justified expectations were denied. As with her claim for violation of unfair practices, it is not clear that GEICO has unduly delayed payment of benefits to Rosas, and she does not provide any detail about how GEICO undervalued her claim. I therefore grant GEICO's motion and dismiss

4

Rosas's claim for bad faith and breach of the covenant of good faith and fair dealing, without prejudice.

### C. Declaratory Relief (Claim 4)

GEICO moves to dismiss Rosas's fourth cause of action, arguing that declaratory relief is only available when there is a dispute about the existence and coverage of the insurance contract. ECF No. 6 at 4. It contends that "there are no contractual coverage issues" in this case, so the specific contractual obligations of the parties can be determined in the cause of action for breach of contract, and declaratory relief is therefore duplicative and unnecessary. *Id.* Rosas does not respond to this portion of the motion.[4]

Claims for declaratory relief frequently accompany claims for breach of insurance contracts and are used to determine whether coverage exists in a given insurance policy. *El Capitan Club v. Fireman's Fund Ins. Co.*, 506 P.2d 426, 428 (Nev. 1973); *see also De La Paz Enterprises v. Nat'l Fire Ins. Co. of Hartford*, 2:08-cv-00813-BES-RJJ, 2009 WL 10693512, at *5 (D. Nev. Feb. 10, 2009). However, "the declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action," but is instead most appropriate when it would be beneficial to make an early determination of coverage under the policy. *El Capitan Club,* 506 P.2d 428 (quotations omitted).

Here, there appears to be no dispute regarding the existence of a valid insurance contract between GEICO and Fox, according to which Rosas was insured. GEICO's behavior up to this point and the content of its filings suggest that it agrees that there is a contract. Instead, the dispute in this case is about what specifically is owed under that contract, an issue that can be

---

[4] This is possibly due to the fact that GEICO's arguments on this issue are embedded in the factual and procedural history section in their motion, as opposed to the law and argument section, which focuses exclusively on the second and third causes of action.

determined through Rosas's main contractual action.  Because Rosas does not allege any contractual disputes that cannot determined in that main action, I grant GEICO's motion to dismiss the action for declaratory relief, without prejudice.

**D. Geico's Motion to Bifurcate and Stay**

As an alternative to dismissal, GEICO moves to have claims 2 and 3 bifurcated and stayed, pending the resolution of her claim for breach of contract.  It argues that doing so will further the interests of judicial economy, fairness to the parties, and clarity to jurors if this dispute continues to trial. ECF No. 7 at 16-19.  Rosas responds that bifurcating and staying those claims would unnecessarily multiply proceedings and cause unnecessary delay, especially if done before the conclusion of discovery. ECF No. 9 at 12-14.

Rule 42(b) of the Federal Rules of Civil Procedure authorizes courts to order a separate trial of any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice. Fed. R. Civ. P. 42(b).  The decision to bifurcate is committed to the discretion of the trial court. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).  Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) (citing *O'Malley v. United States Fid. & Guar. Co.*, 776 F.2d 494, 501 (5th Cir. 1985)). "However, bifurcation of the trial does not necessarily require bifurcation of discovery." *Id.*

There is no reason to bifurcate or stay Rosas's second and third claims at this stage. Rosas's claims are intertwined, so separating and staying at this time would unnecessarily prolong the process and waste judicial resources supervising two phases of discovery.  I

6

therefore deny GEICO's motion to stay and bifurcate. If GEICO feels bifurcation is prudent at some later stage of this case, it may move again at that time.

### E. Rosas's Request for Leave to Amend

In her response to Geico's motion to dismiss, Rosas seeks leave to amend her complaint to supplement her factual allegations if needed. ECF No. 9 at 7-9. In reply, GEICO contends that Rosas has not identified any additional facts that could be alleged in an amended complaint, so amendment would be futile and dismissal should be with prejudice. ECF No. 10 at 5-6.

Rule 15 requires district courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quotation omitted). Amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Amendment would not be futile in this case. Rosas contends she has additional facts to support her claims, and GEICO does not argue that no facts exist to make out a valid claim. I therefore grant Rosas leave to amend.

## III. CONCLUSION

IT IS THEREFORE ORDERED that GEICO's motion to dismiss the complaint **(ECF No. 6) is GRANTED**. Counts two, three, and four are dismissed without prejudice.

IT IS FURTHER ORDERED that Rosas may file an amended complaint, consistent with this order, within 21 days of entry of this order.

7

IT IS FURTHER ORDERED that Geico's motion to sever and stay Rosas's extra-contractual claims **(ECF No. 7) is DENIED**.

DATED this 19th day of March, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE