# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DIANA ROSAS, | Case No.: 2:18-cv-01200-APG-NJK |
| Plaintiff | **Order Rejecting Proposed Pretrial Order** |
| v. | [ECF No. 42] |
| GEICO Casualty Company, | |
| Defendant | |

The parties' proposed Joint Pretrial Order (ECF No. 42) does not comply with Local Rules 16-3 and 16-4. For example, the parties do not stipulate to the admission of any exhibits, yet in their respective exhibit lists they list many of the same exhibits. And those exhibit lists appear to simply list every document produced in the case, often by general category without identifying Bates numbers. The parties then list generic objections to each other's exhibits in total, without identifying which objection applies to which exhibit. Such tactics violate Local Rule 16-3(b)(8), which requires the parties to meaningfully confer about the trial and list their trial exhibits and specific objections. It is apparent the lawyers have not thought and conferred about what documents they will need at trial.

Further, both parties list what appears to be every witness identified in discovery. While the plaintiff's list includes 24 witnesses, the defendants' list includes 25. Despite these voluminous lists, the parties insist that the trial will last only five to seven days. That is nearly impossible, especially given that neither side will stipulate to the admissibility of exhibits, which would obviate the need for many custodial witnesses. Again, the parties apparently have not bothered to think and confer about the witnesses they need at trial.

Both parties' witness lists include several "Person Most Knowledgeable" witnesses. The parties should know by now the names of the witnesses they intend to present at trial. If those witnesses were not identified during discovery, they cannot be called at trial.

Local Rules 16-3 and 16-4 are designed to streamline the trial preparation and presentation, and to foster settlement. The parties cannot simply wait to make trial decisions until the eve of trial. If they do, they cannot conduct effective settlement discussions. It is apparent from the proposed Joint Pretrial Order that the parties ignored the spirit, purpose, and language of Local Rule 16-3. I reject the proposed order. The parties shall submit a new proposed joint order addressing these identified problems and complying with Local Rules 16-3 and 16-4, but only after they have meaningfully considered what evidence is needed for trial and discussed those issues between themselves.

I ORDER that the parties' Joint Pretrial Order (**ECF No. 42) is REJECTED.** Respective counsel for the parties shall personally confer as required in Local Rule 16-3, and submit a new proposed Joint Pretrial Order that complies with Local Rule 16-4 by November 19, 2019.

DATED this 5th day of November, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE